Filed 6/24/14  P. v. Alvarez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B255010 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA 079054) |
| v. | |
| ROY RIOS ALVAREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court for the County of Los Angeles. James D. Otto, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

This case involves an inmate's petition for recall of his sentence under Penal Code section 1170.126. (All statutory references are to the Penal Code.)

In 2009, a jury convicted defendant Roy Rios Alvarez of assault with a deadly weapon (§ 245, subd. (a)(1)) and attempted criminal threat (§§ 422 & 664). In a bifurcated proceeding, the trial court found numerous prior conviction allegations to be true, including three convictions for serious felonies under the "Three Strikes" law. The court sentenced defendant to a total of 42 years to life: 25 years to life as a base sentence on each of the two counts, based on the prior strikes (§ 667, subd. (e)(2)(A)(ii)), the terms to run concurrently, plus 15 years consecutive for three prior serious felony convictions (§ 667, subd. (a)(1)), plus two additional years for prior prison terms (§ 667.5, subd. (b)).

This court affirmed the judgment of conviction in an unpublished opinion, rejecting defendant's contention that the evidence was insufficient to sustain his conviction for attempted criminal threat. (*People v. Alvarez* (May 25, 2010, B214382).)

In November 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act). The Act amended the Three Strikes law so that an indeterminate term of 25 years to life in prison is applied only "where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor"; otherwise, the recidivist is to be sentenced as a second strike offender. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168, citing §§ 667, 1170.12.) In addition, an inmate serving an indeterminate life sentence imposed under the Three Strikes law for a crime that is not a serious or violent felony, and who is not disqualified, may petition for recall of his or her sentence, and is eligible for resentencing as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)

On February 22, 2013, defendant filed a petition under section 1170.126 asking the trial court to recall his three strikes sentence and resentence him as a second striker. On February 14, 2014, the trial court denied defendant's request with prejudice on the ground that his current conviction for attempted criminal threat (§§ 664 & 422) is a

2

serious felony under section 1192.7, subdivision (c)(39), making defendant ineligible for resentencing.

Defendant filed a timely appeal.[1] His appointed counsel filed a *Wende* brief (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*)) setting forth the facts and requesting our independent review of the record.

Defendant was advised of his right to submit a supplemental brief or letter, and did so. But his letter brief asks us to examine the "over-all record and charges and sentence," and contends the evidence at his trial supported only a misdemeanor battery rather than assault with a deadly weapon. Defendant makes no argument on the only issue we may review: his eligibility for resentencing. On that point, we find no arguable issue. To be eligible, an inmate must be serving an indeterminate term of life imprisonment as a three-strike offender "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) As the trial court found, under section 1192.7, subdivision (c), a "serious felony" is defined to include "criminal threats, in violation of Section 422" and "any attempt to commit a crime listed in this subdivision other than an assault . . . ." (§ 1192.7, subd. (c)(38) & (39).)

One court has held that when an inmate's commitment offenses include both a serious or violent felony and a felony that is not serious or violent, the inmate is eligible for resentencing on the felony that is neither serious nor violent. (*In re Machado* (2014) 226 Cal.App.4th 1044.) Even if that principle is correct, its application would not help

---

[1]     The California Supreme Court has granted review on the issue whether a defendant has the right to appeal the trial court's denial of his petition to recall his sentence. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Wortham* (2013) 220 Cal.App.4th 1018, review granted Jan. 15, 2014, S214844.) As other courts have done, rather than add to the appealability debate while the matter is pending before the Supreme Court, we address the merits of defendant's appeal because the order is reviewable, whether by appeal or writ petition. (See *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853 [treating appeal as petition for writ of mandate due to uncertainty in the law].)

defendant, because the sentences imposed for his commitment offenses were concurrent, not consecutive.

In short, we are satisfied that defendant's appointed counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The trial court's order is affirmed.

GRIMES, J.

We concur:

BIGELOW, P. J.

FLIER, J.

4